891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio PEREZ-GOMEZ, Defendant-Appellant.
 No. 86-5103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1989.*
Decided Dec. 1, 1989.
 
 Before SCHROEDER, BOOCHEVER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Perez-Gomez appeals his conviction for conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine. Perez-Gomez contends that the evidence is insufficient to support the convictions. Because Perez-Gomez failed to renew his motion for acquittal at the end of the trial, we review only for a manifest miscarriage of justice. United States v. Larson, 507 F.2d 385, 387 (9th Cir.1974). We affirm.
 
 
 3
 * Perez-Gomez was arrested after an undercover FBI agent purchased cocaine at a restaurant at which Perez-Gomez worked. Perez-Gomez was present before and during the sale. The FBI agent testified that it was his opinion that Perez-Gomez was acting as a bodyguard.
 
 
 4
 Perez-Gomez argues the evidence is insufficient to uphold a conviction of conspiracy. He does not deny that a conspiracy existed, rather, he claims not to have been part of it. Once the existence of a conspiracy is shown, however, evidence establishing beyond a reasonable doubt a defendant's connection with the conspiracy--even if that connection is slight--is sufficient to uphold a conviction of knowing participation in the conspiracy. United States v. Jabara, 618 F.2d 1319, 1328 (9th Cir.), cert. denied, 449 U.S. 856 (1980).
 
 
 5
 Perez-Gomez accompanied the man who actually handed the cocaine to the undercover agent. He watched the transactions in a manner consistent with a bodyguard.[1] Perez-Gomez was described by one codefendant as "part of the operation." When the arrest occurred, Perez-Gomez ran into a backroom and withdrew a revolver. From these and other facts, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986) (circumstantial evidence sufficient to prove defendants acted together with a common goal).
 
 II
 
 6
 Perez-Gomez contests the sufficiency of the evidence to support his conviction for possession with intent to distribute cocaine, as well as the sufficiency of the evidence to support his conviction for distribution of cocaine.
 
 
 7
 In Pinkerton v. United States the Supreme Court held that a party to a continuing conspiracy may be held responsible for foreseeable substantive offenses committed by coconspirators in furtherance of the conspiracy, even though that defendant does not actually participate in the substantive offenses or have any knowledge of them. 328 U.S. 640, 646-47 (1946); see United States v. Crespo de Llano, 830 F.2d 1532, 1545 (9th Cir.1987)(applying Pinkerton ).
 
 
 8
 Perez-Gomez does not deny that a conspiracy existed. A rational juror could find beyond a reasonable doubt that Perez-Gomez was part of that conspiracy. Thus, Perez-Gomez's convictions for foreseeable substantive offenses committed in furtherance of the conspiracy are proper.
 
 III
 
 9
 Counsel for Perez-Gomez has shown an excuse for failing to timely file his opening brief. Therefore, we discharge our order to show cause.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 One codefendant countered the testimony of the FBI agent by testifying that Perez-Gomez was not hired in connection with the drug business. The choice of which witness to believe, however, lies with the jury. United States v. Hodges, 770 F.2d 1475, 1478 (9th Cir.1985). On review, we are to make inferences in a light most favorable to the government. Id